Duncan J.,
delivered the opinion of the Court.
This was an action on the case, for the disturbance of the plaintiffs’ right of private way, over the grounds of the defendants, or one* of them: the plea, not guilty. It was properly brought in case; for the freehold in the soil remained in the owners of the land. A question is not made, whether the plaintiffs could join in the action, and it is therefore, unnecessary to decide it. The plaintiffs* right of way, depended on certain proceedings in the Quarter Sessions, laying out and confirming the locus in quo,, as a private way, for the use of the petitioners and others. The land through which it ran, was the property of the heirs of Peter Ebersole, and is now the property of the defendant, Horner. The road was confirmed on 6th September, -1809. In December, 1809, on the petition of the administrators of Peter Ebersole, viewers were appointed to appraise the damages; and in April, 1810, they report, “that the petitioners for the road, were to hang swinging gates on said road at each end, at their expense ; and in case any water works should be built on Killough Run, and the road be any obstruction unto mills of any kind of a public nature, the petitioners were to remove the said road to the west *77 side, being no disadvantage to said mills ; and the heirs of Peter Ebersole, were to give the privilege of ground for said road and they further report, “ that the petitioners for the road, were to pay jg 48 damages, for said ground.” On •the 4th September. 1810, the report was confirmed, and the . , , , . , , „ •petitioners paid the damages agreeably to the report. However irregular the petition of the administrators of Peter Ebersole might be, (for in this proceeding his heirs, and not •his administrators, should have been the petitioners,) however irregular it might be with respect to the substitution of another way, in case of the erection of mills, still, as the plaintiffs •deduce title by these proceedings, have acquiesced in them by paying the damages, it lies hot with them now to to object, for it is certain, that until the damages were paid, the petitioners could not have the road laid out.
The defendants, on the trial of the cause, when the plaintiffs had. gone through their evidence by producing the record of the whole proceedings, and the receipt for the payment of the damages, offered to prove, as in the first bill of ■exceptions.
[Here his honour read the bill of exceptions.]
The plaintiffs objected to this evidence as irrelevant, and the Court overruled their objection, and to this exception was taken. On this exception, depend the whole merits. It is contended, that all the evidence thus offered and admitted, was impertinent to the issue : First, for that if it could be received on any plea, it could not on the general issue. This objection is misconceived, for there is an essential difference between actions of trespass and on the case j the former are stricti juris, and therefore, a former recovery, release, or satisfaction, cannot be given in evidence on the general issue, but must be pleaded; but the latter is founded on the mere justice and conscience of the plaintiffs’ case, and is in the nature of a bill in equity, and in effect is so, and therefore, a former recovery, release, or satisfaction, need not be pleaded, but may be given in evidence ; for whatever will in equity and conscience, according to existing circumstances, preclude the plaintiff from recovering, may in case be given in evidence by the defendant, because the plaintiff must recover on the justice and conscience of his case, and on that only. Barber v. Dixon, 1 Wils. 45. Bird v. Randall, 3 Burr. 1353. 1 Wm. Bl. 388. On the general *78 issue, the plaintiff is put to the proof of his whole case, and the defendant may give in evidence, any justification, or excuse of it. Birch v. Wilson, 2 Mod. 276. Bradley v. Wyndham, 1 Wils. 44. Brown v. Best, 1 Wils. 175. This is the general law. The cases of defamation, are an exception to this rule ; there, the truth of the words must be pleaded, but the cause of speaking the words, or publication in writing, may be given in evidence, warranting the act; as the character oí a servant given by his former master; words spoken by counsel pertinent to the matter in issue, and a variety of other matters, which go to bar the plaintiff’s recovery. But this very point has been decided; for in Newton v. Creswick, 3 Mod. 166, in case for obstructing ancient lights, on not guilty, the defendant was permitted to give evidence of a custom to build ancient foundations to any height. If the agreement, coupled with the report of the viewers of damages, was a valid one, then at least it amounted to a license on a given event, which event was offered to be proved ; the use of the road for mills. Now though a license must be pleaded in trespass, yet it may be given in evidence in case. 2 Mod. 6, 7. 1 Chitty’s Plead. 487. And in this State, the reception of evidence on the general issue, if not more liberal in our Courts, is not stricter than in the Courts of Westminster Hall. Nothing could form a stronger equity, than the defence set up by the defendants. The plaintiffs produced the report of the viewers of damages and a receipt for the payment: they made this report of the viewers a part of their own case,—indeed it was a part of their own title, without which they could not recover. The evidence was proper to shew, and to shew by the viewers, that this report, was founded on the agreement of the petitioners, was made on the ground at the time of the view, part of the res acta. But, it is objected, that all the parties were not present, and that the agreement of one, could not bind the .others. The answer is obvious : if this action is supportable at all, it must be, because the plaintiffs have a joint interest, and have received a joint injury; two of the plaintiffs at least came into the agreement, Leebrick and G-reenwalt, and all of them ratified it; accepted the report of the road on the terms thus agreed on. Whatever in equity takes away the right, takes away the remedy, and under the general issue, may be given in evidence. The evidence was properly received.
*79 The second, bill of exceptions, is in substance the same, except that the objection is raised on the character of the witnesses, as being viewers. They were not offered to prove any matter in contradiction to the report; it was to corroborate it, and to shew the principles on which that report was founded ; it was because the petitioners agreed to remove the road, if a mill was erected, they did not estimate the value of the mill seat, lost by the road. The proposition of removing the road, came from the petitioners; shall they be permitted now to say, all this exceeded the authority of the viewers, when this excess arose from their own agreement and proposition, and was the leading consideration with the viewers in assessing the damages? They propose an expedient to lessen the damages ; the damages are estimated accordingly ; they accept and pay for, the road on these terms ; their own conditions; the owner of the ground accedes to this, and all is consummated by the receipt of the damages. It could not be endured, in an equitable action, as case is, that they should say, we will not take the road on these conditions, but will have it without any condition. Either this report is valid, or it is erroneous and void ; if valid, the plaintiffs have no cause of action j if void, they have no title on a void proceeding; the defendants have not obstructed the right of a way, which right did not exist. The viewers were competent witnesses, and their testimony relevant. If these conclusions are just, and the evidence property received, the plaintiffs have no ground to stand on.
The third bill of exceptions, relates to the admission of George Horner, as a witness. He conveyed the land on which the road ran ; he entered into a general warranty of the title, and nothing else ; no special warranty respecting the road; no covenant which has the least relation to the subject. On the general warranty of the title, he could not be in any re-, spect responsible for the right of way, established or annihilated, on any covenant he has entered into.
The last exception, is to the charge of the Court. The view I have taken of the subject, conforms to the opinion delivered by the Court, on the general question of the parties rights; it is unnecessary, therefore, again to repeat what I have stated with respect to their general rights. It remains here to review, and it shall be done with all brevity, the instruction given to the jury on seven questions proposed by the plaintiffs.
*80 The fifth and sixth were favourable to the plaintiffs ; the three first are in reality the same. Did John Horner stand. in that situation, that he could avail himself of the terms of tjje report ? jfe possessed all the rights of the heirs of Peter Ebersole; he took the land, subject to this easement to the defendants; the freehold was in him, subject to this right of way; the agreement for substitution, ran with the land, was attached to the soil; the alienee took it with the burthen of this private way, but with all the conditions annexed to it; he held the freehold interest, just as the heirs of Peter Ebersole held, with all its rights, incidents and appurtenances.
Sixth. The statute of frauds and perjuries, has no bearing on the subject; the report of the viewers, is matter of record, part of the title of the plaintiffs, produced in evidence by them, and by producing the receipt for the damages reported, they furnish evidence in support of their agreement to its terms ; it is a contract, not executory, but executed; money paid, possession taken.
The seventh and last questions. The answer might have been more full and explicit, but we are bound to consider it, not as an answer to an abstract question, but with relation to the case before the Court; to the evidence given in the cause ; to the subject matter of inquiry. The privilege of a new road, in case of a mill being built, is secured by the report; the placé is marked out, it is to be west of the'land reported ; the petitioners were to remove it there; it was to be their own act; the privilege is described with sufficient certainty in the report; if not, the plaintiffs could have rendered it certain by any act of their own. If they had applied to the defendant, Horner, for a further assurance of the privilege, and he had refused, another question would have been raised ; but here, the defendant gave the plaintiffs notice of his intended erection of mills, before he obstructed the road; called on them to remove it to the west, agreeably to the report; this they refused; they refused the new road; the defendant could do no more than he did, the plaintiffs having refused a substitution of ground for the road.
Judgment affirmed.